E-FILED
Thursday, 05 November, 2015   01:13:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRAIG MRAZEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1261 |
| | ) | |
| VICKI HERMAN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The pro se Plaintiff, a state inmate, claims his constitutional rights were violated in the Illinois Department of Corrections by

1

nine Defendants including Teacher Vicki Herman, Lieutenant Bret Robison, Warden Nicholson, Wexford Health Sources, Dr. Carla Greby, Mark McDaniels, Sergeant Conklin, Grievance Supervisor Ron Zisson, and Dr. Willard Elyea. Although the Plaintiff is currently incarcerated at Lawrence Correctional Center, he does not clearly state whether the Defendants and the alleged incidents took place at this facility. Furthermore, the Court is unable to discern Plaintiff's intended claims.

Plaintiff's forty-page, handwritten complaint is divided into various sections including an introduction, allegations, background, facts, causes of action, and four separate counts. However, none of the sections clearly allege a constitutional violation. For instance, in the allegations section, the Plaintiff states:

> There are questions of Law + Fact common to instant claim/cause of action; among those common questions are: a) whether the Defendants have violated Plaintiff's 1st and 8th Amendment rights; b) whether Defendants violate the (constitutional) rights of Plaintiff by their policies + practices; c) whether foregoing Plaintiff's rights constitute cruel and unusual punishments by their acts and omissions, including failure to intervene.(Comp., p. 3).

The Plaintiff does not provide any explanation of his claims, nor any factual basis.

In the "Causes of Action" section, Plaintiff explains why he will be able to survive summary judgment, but he does not state his intended claims.(Comp., 22- 28)

Even if the Court were to limit its review to the four specified "counts," the Plaintiff has still not clearly articulated his allegations. (Comp., p 28-32). Count One states the Defendants violated Plaintiff's Eighth Amendment rights. In support of his allegation, Plaintiff says Defendants "inflicted unnecessary physical and emotional pain + suffering on Plaintiff, they did so intentionally, wantonly, +/or with malice." (Comp., p. 28). Plaintiff provides only conclusory and vague accusations without any factual support. The same is true for Count II, Conspiracy; Count III, Failure to Intervene, and Count IV: Retaliation.

The Federal Rules of Civil Procedure require allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the ... claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 776 (7th Cir.2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(add'l

citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id., quoting Bell Atlantic,* 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic,* 550 U.S. at 555–56. Nonetheless, pro se pleadings are liberally construed when applying this standard. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009).

The Plaintiff has not properly alleged any constitutional violation.  Nonetheless, since Plaintiff is proceeding pro se, the Court will allow him an opportunity to file an amended complaint. The amended complaint must stand complete on its own, must not make reference to the original complaint, and must include all claims and Defendants.  Each claim should be stated only one time. Therefore, the Clerk of the Court will provide the Plaintiff with a blank complaint form to assist him.  Plaintiff should use this form to state his claims and avoid repetition and confusion.

For each claim, Plaintiff must state what happened, who was involved, when it happened and where it happened. For instance, to state a retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Therefore, Plaintiff should first identify what specifically prompted the retaliation such as a grievance or a lawsuit. Next, he should state which Defendants retaliated against him, what they did, where it occurred, when it occurred, and why Plaintiff believes it was motivated by retaliation. Plaintiff's complaint should not include legal argument or additional sections providing background. Plaintiff must only provide a short and plain statement of each claim as instructed by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a)(2). Plaintiff MUST follow the directions provided by the Court.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and for violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff shall have 21 days from the entry of this order to file an amended complaint. Plaintiff MUST follow the Court's directions in drafting his amended complaint. Failure to file an amended complaint or failure to follow the Court's directions may result in the dismissal of this case.

3) The Clerk of the Court is to provide the Plaintiff with a blank complaint form. Plaintiff should use this form in drafting his amended complaint.

4) The Clerk of the Court is directed to reset the internal merit review deadline in 30 days from the entry of this order.

5) Plaintiff's motion for appointment of counsel [4] and motion for service of process are both denied.[5] Plaintiff may renew his motion for appointment of counsel after he clarifies the claims in his complaint. Once his claims have been identified, the

Court will send Waiver of Service and Notice of Lawsuit forms to the Defendants.

ENTERED: 11/5/2015

FOR THE COURT:	s/ Sue E. Myerscough
	_____
	SUE E. MYERSCOUGH
	UNITED STATES DISTRICT JUDGE