UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG MRAZEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 15-CV-1261 |
| | ) |
| VICKI HERMAN, et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. The Plaintiff's initial complaint was dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and for violation of Rule 8 of the Federal Rules of Civil Procedure. *See* Nov. 5, 2014 Merit Review Opinion. The Plaintiff alleged his constitutional rights were violated, but he provided only conclusory allegations. Therefore, the Court dismissed Plaintiff's initial complaint, allowed him additional time to file an amended complaint clarifying his claims, and provided specific instructions to assist him. *Id.*

Plaintiff has now filed his amended complaint.[7]  In reviewing the document, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The Plaintiff again alleges his constitutional rights were violated at Illinois River Correctional Center by the same nine Defendants named in his original complaint including Teacher Vicki Herman, Dr. Carla Greby, Grievance Supervisor Ron Zisson, Warden Nicholson, Mark McDaniels, Sergeant Conklin, Wexford Health Sources, Lieutenant Bret Robison, and Dr. Willard Elyea.  In addition, Plaintiff has now added Defendant Illinois Department of Corrections (IDOC) Dr. Louis Shicker. Plaintiff alleges all incidents in his complaint took place at Illinois River Correctional Center.

Plaintiff begins with a claim of retaliation. Plaintiff says he filed two grievances against Dr. Greby concerning the failure to provide care for his narcolepsy and he asked Warden Nicholson to investigate his claims.  As a result, when Plaintiff entered the

Health Care Unit on June 4, 2012, Defendants Greby, Nicholson, McDaniels and Conklin sent him to segregation for thirty days punishment.  Plaintiff does not explain whether he received a disciplinary ticket, nor the claimed basis for any ticket.  Plaintiff does state his claim "is not time barred because I did not realize the retaliatory plot of this incident until June 25, 2013." (Amd. Comp., p. 6).  Plaintiff provides no further information concerning this statement.

Nonetheless, for the purposes of notice pleading, the Court will allow Plaintiff to proceed on his First Amendment retaliation claim against Defendants Greby, Nicholson, McDaniels, and Conklin.  The Defendants must address any statute of limitations issues after they have entered the case.

Plaintiff also alleges he was denied care for narcolepsy by Wexford due to budgetary concerns.  Plaintiff provides no further information concerning this claim.  For instance, Plaintiff has not alleged how Wexford was specifically involved in his care, nor has he stated an official capacity claim, nor has he provided a time frame for his allegations.  This is particularly important because the Plaintiff has twice before filed lawsuits against many of the same

Defendants concerning the lack of care for narcoplepsy at Illinios River Correctional Center. *See Mrazek v Puisis*, Case No. 12-1415; *Mrazek v Wexford*, Case No. 14-1300.

Throughout his complaint, Plaintiff also alleges several Defendants violated the Whistleblower Protection Act, but Plaintiff cannot state a claim pursuant to this statute because it applies only to federal employees, not prisoners. *See Scholl v. Chicago Regional Council of Carpenters,* 2013 WL 474489, at *3 (N.D.Ill. Feb. 6, 2013); *Young v. Cook County Sheriff Tom Dart,* 2015 WL 8536734, at *2 (N.D.Ill. Dec. 10, 2015).

Plaintiff alleges Grievance Officer Zisson denied him meaningful access to the Courts when the Defendant failed to respond to Plaintiff's grievances. Plaintiff does not provide a specific time frame for his grievances. Nonetheless, he has failed to articulate a constitutional violation. "Plaintiff's invocation of the judicial process demonstrates that Defendants have not infringed on Plaintiff's First Amendment right to petition the government for a redress of his grievances." *White v. Hodge,* 2014 WL 1304937, at *3 (S.D.Ill. April 1, 2014) *citing Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996). Furthermore, "a state's inmate grievance

procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,* 81 F.3d at 1430.

Plaintiff further makes vague and conclusory allegations of "libel and slander," "failure to intervene, conspiracy, cruel and unusual punishment." (Amd. Comp., p. 7, 9). The Court has previously advised Plaintiff his allegations must give enough detail to give "'fair notice of what the ... claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.,* 496 F.3d 773, 776 (7th Cir.2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(add'l citation omitted); See Nov. 5, 2014 Merit Review Opinion, p. 3-4. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic,* 550 U.S. at 555–56. Plaintiff has again failed to provide enough factual detail to support his list of claimed violations.

Based on the allegations in his amended complaint, Plaintiff has stated one retaliation claim against Defendants Greby, Nicholson, McDaniels, and Conklin. The Court will dismiss all other claims and Defendants for failure to state a claim upon which

relief can be granted and for violation of Rule 8 of the Federal Rules of Civil Procedure.

Finally, the Court notes the Plaintiff attached a renewed motion for appointment of counsel to his amended complaint. Although there is no right to court appointed counsel in federal civil litigation, district courts may ask attorneys to represent indigent litigants on a volunteer basis. *See* 28 U.S.C. § 1915(e)(1).

> Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014),*reh'g denied* (May 16, 2014)

In deciding this issue, district courts must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has previously provided a list of attorneys he has contacted concerning representation.[4]   Therefore, the court must move on to the second inquiry involving the Plaintiff's ability to litigate his claims.

Plaintiff has provided no evidence or argument in support of his motion beyond his indigence.  While Plaintiff has not clearly stated some claims, he is also an experienced litigator who has ignored the Court's specific instructions. *See Mrazek,* Case No. 12-1415 and *Mrazek,* Case No. 14-1300 in the Central District; and *Mrazek v Carrington,* Case No. 10-4067 in the Northern District of Illinois.

Furthermore, Plaintiff's claim of retaliation does not appear to be complex.  Plaintiff may obtain copies of his grievances and written complaints during the discovery process.  Furthermore, once Defendants are served, the Court will enter a scheduling order requiring Defendants to provide relevant discovery and providing important information for a pro se litigant.  Based on the limited record before the Court, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges Defendants Greby, Nicholson, McDaniels, and Conklin retaliated against him in violation of his First Amendment when they sent Plaintiff to segregation on June 4, 2012. This case proceeds solely on the individual capacity claim identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The Clerk of the Court is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.  The Clerk must also set an internal Rule 16 deadline within 60 days.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Clerk is also directed to dismiss Defendants Teacher Vicki Herman, Grievance Supervisor Ron Zisson, Wexford Health Sources, Lieutenant Bret Robison, Dr. Willard Elyea, and Dr. Louis Shicker for failure to state a claim upon which relief can be granted pursuant to § 1915A and for violation of Rule 8 of the Federal Rules of Civil Procedure.**

ENTERED:  February 19, 2016

FOR THE COURT:              s/ Sue E. Myerscough

_____
                SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE